# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

           Plaintiff,

v.

DERRICK M. FORD,

           Defendant.

Case No. 13-CR-62-5-JPS

**ORDER**

**1.**     **INTRODUCTION**

On June 22, 2020, Defendant Derrick Ford filed a motion for compassionate release due to the current COVID-19 pandemic and his underlying health issues. (Docket #257). On July 21, 2020, the Government filed a response. (Docket #264). On July 28, 2020, Defendant filed a reply. (Docket #268). Additionally, Defendant and the Government have filed motions to seal documents. (Docket #258, #265, and #269).

Upon consideration of the parties' submissions, the Court has determined that, as required under 18 U.S.C. § 3582(c)(1)(A), Defendant has exhausted the administrative requirements necessary. Further, the Court has determined that Defendant does meet the requirements for compassionate release. Therefore, Defendant's motion for compassionate release shall be granted. The Court will modify Defendant's term of imprisonment to time served and order that Defendant begin his term of supervised release as stated in the Court's Judgment, (Docket #162), modified to include a period of home detention for a period of one (1) year. Further, Defendant's and the Government's motions to seal documents (Docket #258, #265, and #269) will be granted.

## 2. RELEVANT FACTS

On April 16, 2013, Defendant was indicted on counts of distribution of heroin causing death. (Docket #1). On October 9, 2013, the parties filed a plea agreement, and on October 17, 2013, Defendant pled guilty to one count of violating 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) and 18 U.S.C. § 2. (Docket #83 and #101). Defendant was subject to a twenty-year mandatory minimum sentence. (Docket #264 at 1). However, the Government moved for Defendant's sentence to be lowered. (*Id.* at 1–2). On June 5, 2014, the Court sentenced Defendant to one hundred and fifty (150) months of imprisonment and, upon release, a total term of five (5) years of supervised release. (Docket #162). Defendant is scheduled to be released from incarceration on January 7, 2024. (Docket #257 at 2).

Defendant filed a request for compassionate release with the warden at Elkton on March 25, 2020 and it was denied on April 22, 2020. (*Id.*) Defendant has several serious medical conditions that make him susceptible to the COVID-19 virus.[1] Specifically, Defendant has type 2 diabetes mellitus with diabetic neuropathy, hypertension, liver and pancreatic dysfunction, and obesity. (*Id.* at 3–6). Defendant is currently incarcerated at Elkton FCI ("Elkton"), in Ohio. Elkton has had significant COVID-19 issues, including the death of nine inmates from COVID-19 as of August 28, 2020.[2]

---

[1] CENTERS FOR DISEASE CONTROL AND PREVENTION, *People with Certain Medical Conditions*, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html, (last visited August 28, 2020).

[2] FEDERAL BUREAU OF PRISONS, *Coronavirus*, https://www.bop.gov/coronavirus/, (last visited August 28, 2020).

Defendant has been incarcerated for over seven years (over eight years with good time), and only has three and a half years left to his incarceration. During his current imprisonment, Defendant has not had any discipline issues, and he obtained his GED. (Docket #257 at 24; Docket #268 at 17). Defendant has a stable and supportive family to help him after his release. Additionally, Defendant has a release plan to live with his daughter in Milwaukee. (*Id.*)

3. **LEGAL STANDARD**

Motions for "compassionate release" are authorized by 18 U.S.C. § 3582(c)(1), which provides, in pertinent part:

> The court may not modify a term of imprisonment once it has been imposed except that—
>
> > (1) in any case—
> >
> > > (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
> > >
> > > > (i) extraordinary and compelling reasons warrant such a reduction;
> > > >
> > > > . . .
> > >
> > > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission[.]

18 U.S.C. § 3582(c).³ The statute does not define the term "extraordinary and compelling reasons." Rather, Congress provided that:

> The [Sentencing] Commission, in promulgating general policy statements regarding the sentencing modification provisions in section 3582(c)(1)(A) of title 18, shall describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples. Rehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason.

28 U.S.C. § 994(t). The Commission's policy statement provides:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
>
> (1) (A) extraordinary and compelling reasons warrant the reduction . . .
>
> (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
>
> (3) the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to the policy statement provides that extraordinary and compelling reasons exist under these circumstances:

> (A) Medical Condition of the Defendant.—
>
> > (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor

---

³The statute also allows the release of certain elderly inmates, but as that provision is not at issue here, the Court will not discuss it further.

cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.

(ii) The defendant is—

(I) suffering from a serious physical or medical condition,

(II) suffering from a serious functional or cognitive impairment, or

(III) experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant.—The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.

(ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons.—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

U.S.S.G. § 1B1.13 cmt. n.1.

4. **ANALYSIS**

Under 18 U.S.C. § 3582(c)(1)(A), there are several elements that must be met before a court may modify a term of imprisonment. First, the

defendant must exhaust his or her administrative remedies. Second, the court must find that "extraordinary and compelling reasons warrant such a reduction." Third, the court must consider the sentencing factors in 18 U.S.C. § 3553(a).

### 4.1 Exhaustion

As to the first element, it is undisputed that on April 22, 2020, the Defendant exhausted his administrative remedies. (Docket #257 at 13). The Court agrees.

### 4.2 Extraordinary and Compelling Reasons

The second element requires the Court to find "extraordinary and compelling reasons" that warrant the reduction in sentence. Defendant's circumstances—particularly the outbreak of COVID-19 and his underlying medical conditions that place him at a high risk should he contract the disease—present "extraordinary and compelling reasons" to reduce his sentence under subdivisions (A) through (D) of U.S.S.G. § 1B1.13 cmt. n.1. Further, the Government agrees that Defendant's underlying health conditions make him especially vulnerable to COVID–19. (Docket #264 at 11).

Defendant has shown extraordinary and compelling reasons to reduce his sentence. First, he suffers from underlying health conditions that render him especially vulnerable to COVID-19 and may be fatal.[4] Second,

---

[4]Courts have found that when a prisoner has hypertension, diabetes, and/or obesity with other underlying illnesses, in conjunction with COVID-19, the prisoner has shown an "extraordinary and compelling reason" for compassionate release. *See United States v. Leverette*, No. 97-CR-225, 2020 WL 4057425 (E.D. Wis. July 20, 2020) (obesity, kidney disease, hypertension, and hyperlipidemia); *United States v. Berry*, No. 09-CR-90, 2020 WL 4001932 (E.D. Wis. July 15, 2020) (hypertension, diabetes, kidney disease, and obesity); *United States v. Mattingly*, No. 6:15-CR-00005, 2020 WL 2499707 (W.D. Va. May 14, 2020) (hypertension and

prison is a particularly dangerous place for Defendant at this moment. Prisons are difficult places, even with the measures being taken by the BOP, in which to prevent the spread of the virus and adequately quarantine prisoners. In fact, COVID-19 has infected and killed nine inmates in the prison where Defendant is incarcerated. Third, he has served over seven years (over eight with good time) of his twelve-and-a-half-year sentence. None of these reasons alone is extraordinary and compelling. Taken together, however, they constitute reasons for reducing his sentence.

The Government argues that Defendant should not be released because the conditions at Elkton have improved and because there has been a rise in COVID-19 cases in Milwaukee, where Defendant would reside after his release. (Docket #264 at 11–13). The Court finds this argument unavailing. It is clear that the risks and conditions of living in a prison, especially one like Elkton with dorm–style housing, provides a much more dangerous environment than a home confinement in Milwaukee.

---

diabetes); *United States v. Lopez*, No. 18-CR-2846, 2020 WL 2489746 (D.N.M. May 14, 2020) (hypertension and diabetes); *United States v. Barber*, No. 6:18-CR-00446-AA, 2020 WL 2404679 (D. Or. May 12, 2020) (hypertension, obesity, and diabetes); *United States v. Rivernider*, No. 3:10-CR-222, 2020 WL 2393959 (D. Conn. May 12, 2020) (hypertension, diabetes, and heart disease); *United States v. Ramirez*, No. 17-10328-WGY, 2020 WL 2402858 (D. Mass. May 12, 2020) (hypertension and diabetes); *United States v. Reddy*, No. 13-CR-20358, 2020 WL 2320093 (E.D. Mich. May 11, 2020) (hypertension and diabetes); *United States v. Amarrah*, No. 17-20464, 2020 WL 2220008 (E.D. Mich. May 7, 2020) (hypertension, diabetes, and asthma); *United States v. Quintero*, No. 08-CR-6007L, 2020 WL 2175171 (W.D.N.Y. May 6, 2020) (hypertension, diabetes, and obesity); *United States v. Howard*, No. 4:15-CR-00018-BR, 2020 WL 2200855 (E.D.N.C. May 6, 2020) (obesity and diabetes); *United States v. Delgado*, No. 3:18-CR-17-(VAB)-1, 2020 WL 2464685 (D. Conn. April 30, 2020) (obesity and sleep apnea); *United States v. Salvagno*, No. 5:02-CR-51, 2020 WL 3410601 (N.D.N.Y. April 23, 2020) (hypertension); *United States v. Rodriguez*, No. 2:03-CR-00271-AB-1, 2020 WL 1627331 (E.D. Pa. April 1, 2020) (diabetes, hypertension, and liver abnormalities).

Defendant does not have the ability to control his environment or who he interacts with while imprisoned. In contrast, Defendant would at least be able to control who he interacts with and can engage in preventative measures while living with his daughter in Milwaukee.

### 4.3 Section 3553(a) Sentencing Factors

Lastly, the Court must "consider[] the [sentencing] factors set forth in section 3553(a) to the extent that they are applicable." 18 U.S.C. § 3582(c)(1)(A). These factors include the "nature and circumstances of the offense," the "history and characteristics of the defendant," the "need for the sentence imposed," "the kinds of sentences available," the types of sentences that other offenders receive for similar conduct, and any pertinent policy statement. 18 U.S.C. § 3553(a). Section 3142(g) sets out the factors that courts should consider when deciding whether to release a person into the community. They include "the nature and circumstances of the offense charged," "the history and characteristics of the person," including "the person's character, physical and mental condition, family ties, ... community ties, past conduct, history relating to drug or alcohol abuse, [and] criminal history," and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." 18 U.S.C. § 3142(g).

Defendant is incarcerated for a non-violent offense. Although he has a criminal history, most of it is non-violent. (Docket #268 at 15–16). However, the Court is cognizant that Defendant has possessed firearms in the past, which the Government argues makes him a danger to the community. *See, e.g.*, (Docket #264 at 14). The Court notes that the incident the Government points to occurred over two decades ago, in 1993. During

his current imprisonment, Defendant has not had any discipline issues, and he obtained his GED. (Docket #257 at 24 ; Docket #268 at 17).

Defendant has been incarcerated for over seven years (over eight years with good time), and only has three and a half years left to his incarceration. Defendant has a stable and supportive family to help him after his release. Additionally, Defendant has a release plan to live with his daughter in Milwaukee. (*Id.*) There is no compelling reason to keep him incarcerated to protect the public at this point in his sentence, especially at the risk to his health.[5]

In order to address the Court's concerns about punishment and deterrence, the Court will impose a term of home detention. Because Defendant has served more than half of his term of imprisonment *and* because Defendant will be subject to a term of home detention, the Court is satisfied that the updated sentence imposed will not undermine the factors outlined in § 3553(a)(2). If Defendant is genuinely fearful of his

---

[5]Courts have granted compassionate release for defendants who have years left on their sentence, when the defendants have serious medical conditions that make them vulnerable to COVID-19. *See United States v. Somerville*, No. 2:12-CR-225-NR, 2020 WL 2781585 (W.D. Pa. May 29, 2020) (reducing 15 year ACCA sentence to approximately eight years); *United States v. Galloway*, No. RDB-10-0775, 2020 WL 2571172 (D. Md. May 21, 2020) (reducing 235 month sentence to time served for defendant who "served almost 10 years"); *United States v. Delgado*, No. 3:18-CR-17-(VAB)-1, 2020 WL 2464685 (D. Conn. Apr. 30, 2020) (reducing 120 month sentence to 29 months, time served); *United States v. McKinney*, No. 18-CR-6035L, 2020 WL 2958228 (W.D.N.Y. June 4, 2020) (granting compassionate release to defendant who had served 18 months of a 10-year sentence); *United States v. Barber*, No. 6:18-CR-00446-AA, 2020 WL 2404679 (D. Or. May 12, 2020) (granting motion for defendant who had served less than nine months of a 60-month sentence); *Loyd v. United States*, No. CR15-20394-1, 2020 WL 2572275 (E.D. Mich. May 21, 2020) (defendant who had served about three years of a ten-year mandatory minimum sentence based on inmate's obesity, hypertension, and compromised immune system).

susceptibility to COVID-19 while incarcerated, then he should be deterred from committing future crimes or violating the conditions of his supervised release. *United States v. Grubbs*, CR16-228 TSZ, 2020 WL 3839619, at *3 (W.D. Wash. July 8, 2020) ("The Court, however, is persuaded that the potentially dire consequences to defendant's health if he violates the conditions of supervised release and is returned to custody will motivate him to be compliant and cooperative.").

Thus, after giving much consideration to the § 3553(a) factors, in light of Defendant's poor health, supportive home environment, time served, and the fact that he will begin a term of supervised release with home confinement immediately upon his release from prison, the Court finds that early release is appropriate.

**5.    CONCLUSION**

Defendant has served over half of his sentence and he has serious medical conditions that make him especially vulnerable to COVID-19. The remainder of his imprisonment should not be a threat to his life due to the COVID-19 pandemic. For the reasons stated above, this Court will grant Defendant's motion for compassionate release.

Accordingly,

**IT IS ORDERED** that Defendant Derrick M. Ford's motion for compassionate release (Docket #257) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that Defendant Derrick M. Ford's term of imprisonment be and the same is hereby reduced to "time served";

**IT IS FURTHER ORDERED** that Defendant's conditions of supervised release are modified to include a term of home detention for the first three hundred and sixty-five (365) consecutive days of supervised release;

**IT IS FURTHER ORDERED** that this Order is **STAYED** for up to fourteen (14) days in order to complete any of the following steps, as may become both appropriate and necessary: make appropriate travel arrangements, verify a residence, and establish a release plan. If these items have already been addressed, then Defendant must be released promptly. If more than fourteen days are needed to make appropriate travel arrangements, verify a residence, or establish a release plan, the parties shall immediately notify the Court and show cause why the deadline should be extended;

**IT IS FURTHER ORDERED** that the Bureau of Prisons take all steps necessary to release Defendant Derrick M. Ford from incarceration in accordance with this Order and pursuant to the amended judgment, which follows; and

**IT IS FURTHERED ORDERED** that the parties' motions to seal documents (Docket #258, #265, and #269) be and the same is hereby **GRANTED**.

Dated at Milwaukee, Wisconsin, this 3rd day of September, 2020.

BY THE COURT:

_____
J.P. Stadtmueller
U.S. District Judge